Ryan M. Best, WSBA #33672
Jacob Mark, WSBA #54280
Michael Merkelbach, WSBA #55389
Best Law, PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com
jmark@bestlawspokane.com
mike.m@bestlawspokane.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

ROBERT THOMPSON and JANELLE
THOMPSON, a married couple,

    Plaintiffs,

    vs.

UNITED STATES BAKERY, INC.,
d/b/a FRANZ FAMILY BAKERIES, an
Oregon Corporation; and
OCCUPATIONAL HEALTH
SOLUTIONS, INC., a Washington
Corporation,

    Defendants.

Case No.:

**COMPLAINT FOR DAMAGES AND
JURY DEMAND**

## I. PARTIES, JURISDICTION, AND VENUE

1.1     Robert and Janelle Thompson are residents of Spokane County,

Washington, in the Eastern District of Washington. Mr. and Mrs. Thompson assert

COMPLAINT FOR DAMAGES AND JURY
DEMAND - 1

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

the below causes of action on behalf of themselves, individually, and on behalf of their marital community.

1.2     United States Bakery, Inc., d/b/a Franz Family Bakeries is a self-insured, for profit Oregon corporation  authorized to do business in the State of Washington.

1.3     Occupational Health Solutions, Inc. is a for profit Washington corporation offering occupational health services, including third-party claims handling, with its principal place of business located in Spokane, Washington.

1.4     The Federal Court for the Eastern District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this Complaint pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

1.5     Venue is appropriate under 28 U.S.C. §1391(b) because the events giving rise to this Complaint occurred in this district.

1.6     Venue is also appropriate under the special venue provision of 42 U.S.C. §2000e-5(f)(3) because Spokane County, the Eastern District of Washington, specifically, is where the unlawful employment practice is alleged to have been committed, where the employment records relevant to such practice are maintained and administered and where Plaintiff Robert Thompson maintains employment despite ongoing alleged unlawful employment practices.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

## II. INTRADISTRICT ASSIGNMENT AND REQUEST FOR JURY TRIAL

2.1     This action arose in Spokane County; therefore, Mr. and Mrs. Thompson respectfully request that the case be assigned to the Spokane Division of the Eastern District of Washington. A jury is also demanded for this matter.

## III. FACTS

2.2     Robert Thompson (hereinafter "Mr. Thompson" or "Plaintiff") was hired by United States Bakery, Inc. d/b/a Franz Family Bakeries (hereinafter "Franz"), on March 8, 2013.

2.3     On September 21, 2018, Mr. Thompson suffered a work-related injury.

2.4     Mr. Thompson was off work for approximately two weeks.

2.5     Prior to Mr. Thompson's work-related injury, he was performing his job duties satisfactorily and had not received negative work evaluations.

2.6     On October 2, 2018, Mr. Thompson was released back to work with no restrictions.

2.7     On October 4, 2018, Mr. Thompson underwent an MRI which showed a mild to moderate disk protrusion mildly narrowing the canal at the C6-7, among other findings.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.8     On October 9, 2018, Mr. Thompson's treating doctor, Miguel A. Schmitz, M.D., restricted Mr. Thompson to six hours of work per day, with limitations and recommended an epidural steroid injection.

2.9     Upon receipt of this medical information, Franz informed Mr. Thompson there were no light duty positions available and refused to allow Mr. Thompson to work at all, even though Franz has previously created light duty positions for other workers.

2.10    On October 18, 2018, Mr. Thompson began physical therapy, attending two sessions per week.

2.11    On November 16, 2018, Mr. Thompson received an epidural steroid injection, per the suggestion of Dr. Schmitz, which gave him some pain relief for approximately two days.

2.12    On December 4, 2018, based on Mr. Thompson's failed treatments, including the epidural steroid injection, Dr. Schmitz recommended a cervical fusion.

2.13    Occupational Health Solutions, Inc. (hereinafter "OHS"), Franz's Third-Party Claims Administrator denied Mr. Thompson's surgery requested on December 4, 2018.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.14    After learning of Dr. Schmitz recommended course of treatment, OHS

required Mr. Thompson to attend an independent medical examination arranged by

Defendants with the Defendants' selected doctor.

2.15    On January 3, 2019, Mr. Thompson attended an orthopedic

examination with Dr. Peterson.

2.16    Dr. Peterson diagnosed Mr. Thompson with a C6-7 herniation, and

related the condition, on a more-probable-than-not basis, to the work-related

injury.

2.17    The diagnosis in paragraph 2.16 above agreed with the diagnosis of

Dr. Schmitz.

2.18    Dr. Peterson also found that Mr. Thompson's condition was not fixed

or stable.

2.19    This finding, that Mr. Thompson's condition was not fixed or stable,

also agreed with the diagnosis of Dr. Schmitz.

2.20    Despite the same findings as Dr. Schmitz, Dr. Peterson recommended

additional conservative treatment which included the use of anti-inflammatories,

and additional physical therapy.

2.21    Mr. Thompson's treating doctor, Dr. Schmitz was asked to review Dr.

Peterson's findings.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.22    On January 26, 2019, Dr. Schmitz reviewed Dr. Peterson's findings and agreed to the additional treatment but noted Mr. Thompson had referred pain from the neck into the upper back. Based on the referred pain, Dr. Schmitz again indicated surgery was necessary.

2.23    Based on the results of the arranged medical examination with Dr. Peterson, OHS denied Mr. Thompson's surgery and Mr. Thompson continued physical therapy.

2.24    On May 7, 2019, based on the worsening condition of Mr. Thompson and the continued failure of additional conservative treatments, Dr. Schmitz again recommended surgery for Mr. Thompson.

2.25    On May 22, 20196, OHS denied Dr. Schmitz's May 7, 2019 request for surgery pending the outcome of a second OHS medical examination Mr. Thompson had with Dr. Gregory Zoltani on April 26, 2019.

2.26    On June 13, 2019, Mr. Thompson had electrodiagnostic testing performed at Spokane Spine Center which demonstrated left sided subacute C7 radiculopathy.

2.27    Radiculopathy is a symptom most often resolved by surgical intervention.

2.28    Despite the June 13, 2019 confirmation of the presence of radiculopathy, on June 21, 2019 Dr. Zoltani amended his April 26, 2019 which

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

stated, "surgical intervention being unlikely to bring about meaningful functional recovery due to lack of evidence of radiculopathy," and instead changed his medical opinion to " the June 13, 2019 nerve conduction and EMG confirms C-7 radiculopathy. "We agree with another epidural injection."

2.29   The medical examiner selected by OHS to perform Mr. Thompson's medical evaluation, Dr. Zoltani, has never performed a single spinal surgery throughout his entire career.

2.30   Dr. Zoltani was selected by Defendants for his inexperience and his willingness to arrive at whatever medical opinion he was directed to reach by the Defendants.

2.31   Dr. Schmitz was asked to review the April 26, 2019 and June 21, 2019 findings of Dr. Zoltani.

2.32    On July 16, 2019, Dr. Schmitz reviewed Dr. Zoltani's findings and again recommended surgery.

2.33   Following Dr. Schmitz July 16, 2019 recommendation for surgery, OHS authorized treatment, not for surgery but for another trigger point injection.

2.34   On July 30, 2019, Mr. Thompson received a trigger point injection at Spokane Spine Center.

2.35   This trigger point injection did nothing to resolve Mr. Thompson's spinal injury.

**COMPLAINT FOR DAMAGES AND JURY DEMAND - 7**

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.36    In August of 2019, Jon Floyd requested Mr. Thompson seek a second opinion with a provider of his choosing.

2.37    This request resulted in more delay of Mr. Thompson's surgery.

2.38    On approximately August 8, 2019, Dr. Schmitz was asked to refer Mr. Thompson for a second medical opinion that Mr. Thompson needed surgery to resolve his injury.

2.39    On August 25, 2019, Dr. Schmitz sent a request to Dr. Kent of Axis Spine Center and asked Dr. Kent to evaluate Mr. Thompson.

2.40    On November 7, 2019, Mr. Thompson was evaluated by Dr. Kent and Dr. Kent concurred with Dr. Schmitz's medical opinion that Mr. Thompson needed surgery.

2.41    On December 4, 2019, Mr. Thompson finally received the required surgical intervention.

2.42    The post-surgical recovery time for Mr. Thompson is estimated by his physicians to be approximately one year.

2.43    Dr. Schmitz recommended surgery on December 4, 2018.

2.44    Under the union contract, Mr. Thompson has until March 21, 2020 to return to work or he will be terminated according to the collective bargaining agreement.

**COMPLAINT FOR DAMAGES AND JURY DEMAND - 8**

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.45   Franz has intentionally delayed and interfered with Mr. Thompson's needed surgery for over 1 year and has refused to accommodate him or make light duty work available as it has for other employees.

2.46   Had surgery occurred in a timely manner, Mr. Thompson's recovery and potential return to work would have occurred prior to termination allowed under his contract with Franz and loss of seniority.

2.47   Due to Mr. Thompson's injury, he is presently disabled.

2.48   Mr. Thompson can perform the essential job functions of the bread indexing position and other positions with a reasonable accommodation.

2.49   Franz failed and continues to fail to reasonably accommodate Mr. Thompson despite repeated requests for a reasonable accommodation.

2.50   Franz's acts and omissions have caused the interactive process to break down.

2.51   Mr. Thompson's industrial injury was never likely to be remedied, reduced, or reversed by conservative treatments.

2.52   The only physicians that did not recommend surgery were paid for by the Defendants.

2.53   Defendants ultimately rejected their own hired doctors' opinions after delaying Mr. Thompson's treatment long enough to allow for his termination.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.54    Mr. Thompson's proper treatment was delayed by Franz's actions and omissions.

2.55    Franz has engaged in claims suppression and retaliation by their conduct outlined above.

2.56    Dr. Zoltani was hired by Franz to create enough delay in Mr. Thompson's surgery to allow the 18 months to pass and to allow Franz to terminate Mr. Thompson from his position under the collective bargaining agreement.

2.57    Mr. Thompson, with bidding seniority, was and is capable with reasonable accommodations to perform other job positions at Franz with potential to return to his job of injury if afforded an accommodation.

2.58    Mr. Thompson's treating physician, Dr. Schmitz, has signed an order for Mr. Thompson to begin work conditioning with Summit Rehabilitation.

2.59    Summit Rehabilitation has the order and is waiting for Franz, through its third-party claims' administrator believed now to be Gallagher and Bassett to approve the order.

2.60    Franz engaged in claims suppression and retaliation through its agents by delaying its adoption of Dr. Schmitz surgical recommendation, and in doing so, exhausted most of Mr. Thompson's 18- months of leave, and in doing so,

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

discriminated against Mr. Thompson on the basis of his current and historic disability and in retaliation for filing a workers compensation claim.

2.61   Franz continues to engage in claims suppression and retaliation by its refusal to approve the order sent by Dr. Schmitz which allows Mr. Thompson to begin work conditioning to prepare him to return to work, with accommodation in the bread indexing position, until he is fully released back to the job of injury in approximately May of 2020.

2.62   Due to Mr. Thompson's work-related injury, Franz perceives Mr. Thompson as disabled and Franz sought to terminate Mr. Thompson by engaging in intentional claims suppression and retaliation in the form of frivolous actions in the L&I claim to stall that process beyond the contractual 18 month-mark where Franz is allowed to terminate employees.

2.63   OHS assisted with claims suppression, discriminating and retaliating against Mr. Thompson on the basis of his current and historic disability, his requests for orthopedic surgery, his EEOC complaint, his request to be allowed to work in a light duty capacity, and not allowing him any other reasonable accommodation.

2.64   OHS and Franz engaged in acts of claim's suppression and retaliation through the above described conduct.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

2.65   After the filing of Mr. Thompson's EEOC complaint, Franz has intentionally and retaliatorily delayed wage payments owing to Mr. Thompson within his L&I claim.

2.66   This constitutes retaliation for Thompson's EEOC filing.

2.67   As a result of the acts and omissions of the Defendants, the Plaintiffs suffered damages and have incurred attorney fees.

## III.   CAUSES OF ACTION

**A.   Retaliation in Violation of Public Policy Wrongful/Illegal Retaliation-** *Wilmot v. Kaiser Aluminum,* **118 Wn.2d 46(1991)/Claims Suppression**

3.1   Plaintiffs re-allege and incorporate by reference paragraphs 1.1-2.67 as if set forth fully herein.

3.2   Plaintiffs assert the common law tort of retaliation for Labor and Industries claims  in violation of public policy as outlined in *Wilmot v. Kaiser Aluminum,* 118 Wn.2d 46 (1991).

3.3   Plaintiff, Robert Thompson was intentionally retaliated against as a result of his lawful Labor and Industries claims and treatment, for seeking and receiving benefits from such a claim, and for filing an EEOC complaint.

3.4   A Labor and Industry claim was filed by Mr. Thompson and is open, ongoing, and unresolved at this time.

3.5   Mr. Thompson's Labor and Industries claim for injury, and the desire to terminate Mr. Thompson after 18 months, was a substantial factor in Franz

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

failing to approve treatment, frivolously disputing, delaying, and denying authorization for needed treatments.

3.6     Franz has delayed L&I wage payments following Plaintiff's EEOC complaint, this violates both Washington and Federal law.

3.7     It is against the public policy of the State of Washington to retaliate against an employee because of his filing of a Labor and Industries claim.

3.8     Franz retaliated against Plaintiff and continues to retaliate against Plaintiff because of his claim with Labor and Industries in violation of this public policies. Allowing such a retaliation jeopardizes public policy in favor of reporting Labor and Industries violations and avoiding claims suppression.

3.9     Franz has made light duty work available to other similarly situated employees.

3.10    Franz has improperly worked to delay Mr. Thompson's treatment for work-related injuries, as a further act of retaliation for Mr. Thompson's L&I claim.

3.11    Franz is vicariously liable and otherwise responsible for all other Defendants and the acts of their agents in the L&I claims reporting and their agent's interference and suppression in the L&I claim treatments through the theories of contract, agency, apparent agency, joint venture, joint and several liability, master/servant, employer/employee, and joint tortfeasor.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.12    As a proximate cause of Defendant Franz's harassment, L&I claim suppression, retaliation, discrimination, and delays in treatment, Plaintiffs have been damaged in amounts to be proved at the time of trial, including attorney fees, costs, and prolonged pain and suffering.

**B.    Violation of Washington Law Against Discrimination RCW 49.60.010 et seq.**

3.13    Plaintiffs re-allege and incorporate by reference paragraphs 1.1-3.12 as if set forth fully herein.

3.14    RCW 49.60.180 makes it unlawful for an employer to discriminate an employee by altering the terms and conditions of his/her employment on account of that employee's disability status.

3.15    To state a disability claim under the WLAD and federal law, an employee need only establish that his disability was a substantial factor in the employer's decision to alter the terms and conditions of his employment.

3.16    Mr. Thompson was performing his work satisfactorily prior to Franz's discrimination and retaliation detailed in the "facts" section of this Complaint.

3.17    Franz could have provided reasonable accommodations for Mr. Thompson by placing him in a light duty position such as the bread indexing position.

3.18    Defendants violated Plaintiff's right to be free from disability discrimination as guaranteed by WLAD, specifically by depriving Plaintiff of

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

opportunities to timely receive required medical treatment, to receive reasonable accommodations, and be free from claim suppression actions. These delays and challenges were designed to delay Mr. Thompson's recovery to outside the timeframes outlined by the collective bargaining agreement and altered the terms and conditions of his employment.

3.19    Defendant Franz's violation of the WLAD and federal law proximately caused Plaintiffs to suffer damages.

3.20    Plaintiffs, and the marital community thereof, seek all remedies, damages, penalties, costs, and attorney fees available under the WLAD.

**C.    Violation of American Disability Act, ADAAA, 42 U.S.C. §12101 et seq.**

3.21    Plaintiffs re-allege and incorporate paragraphs 1.1-3.20 as if set forth fully herein.

3.22    In order to state a claim for disability discrimination under the ADA, and ADAAA, an employee must establish membership in a protected class, an adverse employment action, satisfactory performance, and that his membership in a protected class was a motivating or substantial factor in the adverse employment action.

3.23    Mr. Thompson has a disability as described under 42 U.S.C. §12101 et seq.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.24　Alternatively, Mr. Thompson is perceived as being disabled by Defendants since the onset of his L&I claim on September 21, 2018 as described in 42 U.S.C. §12101 et seq.

3.25　Mr. Thompsons disability status or perceived disability status has resulted in adverse employment actions in the form of L&I claims suppression, reduced wages, failures to accommodate, and not providing light duty work as done for other similarly situated employees.

3.26　Franz has conceded that Mr. Thompson has a disability in writing.

3.27　OHS engaged in L&I claim suppression while acting on behalf of Franz, by delaying L&I payments, delaying his surgery, failing to engage in the interactive process, failing to waive their 18 month termination deadline after their delays, and requesting duplicative, redundant medical opinions to approve surgery.

3.28　Alternatively, OHS and Franz used needless, unfounded, frivolous medical opinions to delay Mr. Thompson's required surgery for his work-related injury.

3.29　Franz has no immunity for intentional acts in violation of RCW 51.28 claims suppression statutes as Franz is Mr. Thompson's employer.

3.30　Franz has failed to modify Mr. Thompson's workplace position to accommodate his disability in the manner that Franz has accommodated other employees.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.31    Within Mr. Thompson's Labor and Industries claim, Franz and OHS had the authority to authorize Mr. Thompson's medical treatment as recommended by his treating doctor.

3.32    Instead of authorizing Mr. Thompson's medical treatment as recommended by his treating doctor, Franz and OHS requested second, third, and fourth opinions.

3.33    The medical opinions requested did not have adequate surgical foundation and were designed to delay treatment.

3.34    All this above referenced behavior violated the ADA and WLAD as it constitutes discrimination by altering the terms and conditions of the employment of Mr. Thompson, a person with a disability, or alternatively, a person perceived as disabled.

3.35    Alternatively, OHS, while violating the WLAD and the ADA, and other state and federal laws, were acting as Mr. Thompson's employer on behalf of Franz Bakery.

3.36    Franz's acts and omissions in violating the ADA and WLAD in conjunction with the acts and omissions of the other defendants has proximately caused Plaintiffs' damages. Mr. and Mrs. Thompson seek all damages authorized under WLAD, the ADA, and ADAA.

**D.    Negligence/Negligent Supervision OHS/Franz**

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.37    Plaintiffs re-allege and incorporate paragraphs 1.1-3.36 as if set forth fully herein.

3.38    Plaintiffs allege negligence in the alternative.

3.39    OHS had a duty to supervise its employees to ensure that employees did not violate RCW 51.28.025.

3.40    Franz had a duty to supervise OHS's acts and omissions to ensure OHS and its employee/agents did not violate RCW 51.28.025 and engage in L&I retaliation.

3.41    Both these duties are non-delegable.

3.42    Once Franz was aware of OHS' acts, Franz had a duty both in law and under their contract with Mr. Thompson, to mitigate the harm to Mr. Thompson by approving Mr. Thompson's required surgery within a reasonable timeframe allowing for rehabilitation and return to work conducive to any restrictions he had and within the timeframe allotted within the Collective Bargaining Agreement.

3.43    By negligently engaging a physician with no surgical experience and whose opinion Franz ultimately concluded was erroneous, based on a lack of surgical experience, Franz and OHS delayed Mr. Thompson's required treatment for his work-related injury.

3.44    The purpose of the repeated medical exams was to delay Mr. Thompson's surgery to ensure Franz could terminate Mr. Thompson pursuant to

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

the collective bargaining agreement, and suppress future L&I claims at Franz by other employees.

3.45    All the Defendants breached their duties by engaging in claims suppression and retaliation and requiring additional, ineffective conservative treatment after electrodiagnostic testing by Defendants' own expert, confirmed nerve damage, delaying Mr. Thompson's surgery to a time that did not allow for recovery within the timeframe allotted within the Collective Bargaining Agreement.

3.46    Mr. Thompson has suffered harm proximately caused by each of the Defendants' negligence.

3.47    As to their acts and omissions, each Defendant acted as a joint tortfeasor, acted in concert, created an indivisible injury, as agents and common law partners of each other, in suppressing Mr. Thompson's surgery to a time that did not allow for recovery within the timeframe allotted within the Collective Bargaining Agreement to justify Mr. Thompson's pending termination and to hide their wrongdoing.

3.48    Franz's acts and omissions in violating RCW 51.28 et seq. in conjunction with the negligent acts and omissions of itself and the other Defendants has proximately caused Plaintiffs damages. Mr. and Mrs. Thompson seek all damages authorized under 51.28 et seq. and the common law.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

**E.      Franz's Delays in Treatment Equitably Estop Franz From Terminating Mr. Thompson**

3.49    Plaintiffs re-allege and incorporate paragraphs 1.1-3.48 as if set forth fully herein.

3.50    Based on Franz's bad faith, retaliatory delays in authorizing Mr. Thompson's required surgery, Franz has waived its contractual right to terminate Mr. Thompson after 18 months with a loss of seniority.

**F.      RCW 7.24.010 et seq. Declaratory Relief Suspending Franz's Ability to Self-Insure for L&I Claims Barring the Termination of Mr. Thompson Under RCW 51.28 and Common Law and Washington Statutes**

3.51    Plaintiffs re-allege and incorporate paragraphs 1.1-3.50 as if set forth fully herein.

3.52    Plaintiffs seek declaratory and/or injunctive relief under RCW 7.24.010 et seq. to enforce the provisions of RCW 51.28 et seq.

3.53    Franz, OHS, and each of its agents/employees should be required to refrain from engaging in claims suppression and retaliation as required by law.

3.54    Franz and its agents intentionally delayed approval of Mr. Thompson's required surgery and delayed L&I payments for wages following an EEOC complaint, and in doing so, engaged in claims suppression seeking to foster, through retaliation, a culture that discourages the filing of L&I claims and proper and timely treatment for workplace injuries.

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

3.55   Defendants, acting in concert to suppress and delay Mr. Thompson's medical treatment for an industrial injury, did harm, and continues to harm, Mr. Thompson both physically and economically.

3.56   Plaintiffs seeks recovery under the above statute for the damages associated with the Defendants wrongful conduct and failure to comply with the law, specifically RCW 51.28.010(2)(c).

## IV.   PRAYER FOR RELIEF

Plaintiffs respectfully demand a jury trial and pray for:

(a) Compensation for all injuries and damages suffered by Mr. and Mrs. Thompson, including but not limited to:

(i) Both economic and non-economic damages, in an amount to be proven at trial, including back pay, front pay, pre and post judgment interest;

(ii) Lost benefits of employment;

((iii) Adverse tax consequences of any award for economic damages pursuant to Chapter RCW 49.60 et seq. and federal law;

(iv) Liquidated damages under both federal and Washington law for willful violations as it relates to the lost back and front pay;

(v) Wages and benefits;

(vi) Exemplary damages;

(vii) Punitive damages;

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957

(viii)  Compensatory and general damages suffered by Plaintiffs as a result of all forms of discrimination and retaliation;

(ix) Costs and reasonable attorneys' fees incurred with this lawsuit as permitted by statute under the Washington Law Against Discrimination and the ADA;

(x) All such other relief or damages as authorized under the ADA, ADAAA, WLAD, or Washington/federal common law;

(xi) General damages, including emotional distress;

(xii) Injunctive relief to restrict Franz from engaging in claims suppression and retaliation and from terminating Mr. Thompson based on Defendant's delays; and

(xiii) such other and further relief as the Court deems just or equitable.

Dated this ___13th___ day of March 2020.

BEST LAW, PLLC

___s/Ryan Best_____
Ryan Best, WSBA # 33672
Jacob Mark, WSBA #54280
Michael Merkelbach, WSBA #55389
Best Law, PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Email: ryan.best@bestlawspokane.com
jmark@bestlawspokane.com
mike.m@bestlawspokane.com

**COMPLAINT FOR DAMAGES AND JURY DEMAND - 22**

BEST LAW PLLC
905 W. RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE: (509) 624-4422
FAX: (509) 703-7957