FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT THOMPSON and JANELLE THOMPSON, a married couple,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES BAKERY, INC., d/b/a FRANZ FAMILY BAKERIES, an Oregon Corporation; and OCCUPATIONAL HEALTH SOLUTIONS, INC., a Washington Corporation,<br><br>    Defendants. | No. 2:20-CV-00102-SAB<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    Before the Court is Plaintiffs' Motion for Partial Summary Judgment, ECF No. 16. The motion was considered without oral argument. Plaintiffs are represented by Jacob Mark, Michael Merkelbach, and Ryan Best. Defendant United States Bakery ("USB") is represented by Richard Omata and Joshua Howard. Defendant Occupational Health Solutions ("OHS") is represented by William Symmes and Sawyer Margett. Plaintiffs move for partial summary judgment, seeking judgment in their favor on a number of Defendants' affirmative defenses because they are unsupported by admissible evidence. Neither Defendant responded to the motion. Having reviewed the motion, accompanying affidavits,

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 1**

and the relevant law, the Court **grants in part** and **denies in part** Plaintiffs' motion.

### Facts

The following facts are drawn from Plaintiffs' Complaint and statement of facts in support of their motion, and are construed in the light most favorable to Defendants.

Mr. Thompson started working for USB on March 8, 2013. He performed his duties without any disciplinary reprimands or negative work evaluations, and accrued enough seniority to qualify for a significant amount of over-time hours. On September 21, 2018, Mr. Thompson suffered an injury while at work.

Two weeks later, on October 2, 2018, Mr. Thompson's doctor released him to work with no restrictions. However, an MRI scan conducted on October 4 revealed that Mr. Thompson had a moderate disc protrusion mildly narrowing his spinal canal at the C6-7 vertebrae. Based on these results, Mr. Thompson's physician, Dr. Miguel A. Schmitz, restricted Mr. Thompson to only work six hours a day with physical limitations. Dr. Schmitz also recommended Mr. Thompson receive an epidural steroid injection to alleviate pain. Mr. Thompson received his first injection on November 16, 2018, which provided about two days of pain relief.

On December 4, 2018, Dr. Schmitz recommended a cervical fusion to treat Mr. Thompson's injury. USB, through its agent OHS, denied the surgery recommended by Dr. Schmitz. OHS's physician, Dr. Peterson, diagnosed Mr. Thompson's injury as a C6-7 herniation and attributed the herniated disc to Mr. Thompson's September 2018 injury. However, Dr. Peterson recommended only the use of inflammatory medication and physical therapy to treat the injury. Dr. Schmitz reviewed Dr. Peterson's findings on January 26, 2019 and again recommended that, based on Dr. Peterson's findings that Mr. Thompson suffered from pain from his neck through his upper back and in despite of Dr. Peterson's

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 2**

recommendation, Mr. Thompson have surgery. OHS again denied the request and determined he only needed physical therapy to recover from his injury. However, after four months of physical therapy, Mr. Thompson's condition worsened, and Dr. Schmitz again recommended a cervical fusion surgery on May 7, 2019. OHS denied the recommendation on May 22, 2019.

OHS then hired Dr. Gregory Zoltani, a psychiatrist and neurologist, to examine Mr. Thompson. Dr. Zoltani examined Mr. Thompson on May 26, 2019. He did not agree with Dr. Schmitz's recommendation for surgery despite Dr. Schmitz's experience as a certified orthopedic surgeon, citing the "lack of evidence of radiculopathy." On June 13, 2019, Mr. Thompson underwent electrodiagnostic testing at the Spokane Spine Center. The tests showed that Mr. Thompson suffered from left-side subacute C7 radiculopathy. Dr. Zotani amended his findings based on these results, but still did not agree with the recommendation for surgery. Instead, he modified his opinion to recommend another epidural injection. On July 16, 2019, Dr. Schmitz reviewed Dr. Zoltani's findings, both pre- and post- electrodiagnostic testing results. Based on his review, Dr. Schmitz again recommended cervical fusion surgery. Instead, OHS approved another epidural injection. The second injection did not improve Mr. Thompson's condition.

In August 2019, an attorney for Defendants, Jon Floyd, proposed that Mr. Thompson seek a second opinion. On August 25, 2019, Dr. Schmitz sent Dr. Kent, a certified orthopedic surgeon, a request to evaluate Mr. Thompson's injury. On November 7, 2019, Dr. Kent evaluated Mr. Thompson and agreed with Dr. Schmitz's diagnosis and recommendation for cervical fusion surgery. After receiving the second recommendation for surgery, OHS approved Mr. Thompson's surgery. Mr. Thompson had the surgery on December 4, 2019, and his physicians estimated that recovery would take around twelve months. With diligent physical therapy and adherence to his physicians' instructions, Mr. Thompson was able to return to work in August 2020.

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 3**

According to the contract between USB and Mr. Thompson's union, if Mr. Thompson did not return to work within eighteen months of being off work due to a work-related injury, he would lose all seniority in his current position. Mr. Thompson did not receive his surgery until exactly a year after it was initially recommended and, with recovery time factored in, Mr. Thompson did not return to work within that eighteen-month time frame. Accordingly, Mr. Thompson lost all seniority he had built up over his seven years at USB.

**Procedural History**

Plaintiffs filed their complaint on March 13, 2020. ECF No. 1. Plaintiffs raised the following claims: (1) retaliation in violation of public policy, wrongful/illegal retaliation, and claims suppression; (2) violation of the Washington Law Against Discrimination, Wash. Rev. Code 49.60.101 et seq.; (3) violation of the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12101 et seq.; (4) negligence and negligent supervision; (5) equitable estoppel; and (6) declaratory relief suspending USB's ability to self-insure for state Labor & Industries claims and barring termination of Mr. Thompson under Wash. Rev. Code 51.28 and common law. Plaintiffs seek damages in the form of compensation for injuries and damages including back pay, front pay, lost benefits of employment, liquidated damages for willful violations, wages and benefits, exemplary damages, punitive damages, compensatory damages for discrimination, costs and fees, general damages including emotional distress, and relief and damages as allowed under law. He also seeks injunctive relief to restrict USB from engaging in claims suppression and retaliation and from terminating Mr. Thompson.

Defendant USB filed an Answer on May 4, 2020, ECF No. 10, and Defendant OHS filed an Answer on May 28, 2020, ECF No. 13. USB raised a number of affirmative defenses, including (1) failure to mitigate; (2) preemption by the Washington State Industrial Insurance Act ("IIA"); (3) immunity based on the

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 4**

IIA; (4) claims may be covered by the collective bargaining agreement and are preempted by federal labor law; (5) failure to state a claim for which relief may be granted; (6) lack of standing as to Ms. Thompson; (7) statute of limitations; (8) lack of legally cognizable disability; (9) failure to engage in the interactive process in good faith; (10) USB met its duty to provide a reasonable accommodation for Mr. Thompson; (11) Mr. Thompson was not a qualified individual with a disability; and (12) some claims might be frivolous. ECF No. 10 at 18. OHS also raised a number of affirmative defenses, including: (1) failure to state a claim upon which relief can be granted against OHS; (2) OHS's actions were not motivated or caused by discriminatory animus; (3) Plaintiffs' failure to mitigate their damages; (4) OHS's decisions were made for legitimate and non-discriminatory reasons; (5) the Court lacks jurisdiction to hear Plaintiffs' claims against OHS or, alternatively, Plaintiffs failed to exhaust their administrative remedies; (6) statute of limitations; (7) immunity under the IIA; (8) barred by workers' compensation statutes that do not create a private right of action; (9) Plaintiffs' claims lack a factual and legal basis and are not warranted by existing law or a good faith argument for extension of existing law; and (10) Plaintiffs' claims are frivolous, unreasonable, or without foundation.

## Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT * 5**

the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### Discussion

Plaintiffs argue that both USB and OHS have asserted several affirmative defenses in their Answers without providing any facts or admissible evidence substantiating the viability of the defenses. They argue that the defenses run afoul of Rule 11(b) because they needlessly increase the costs of litigation and would require Plaintiffs to spend their limited discovery resources on defending against the potential defenses. Plaintiffs also assert that some of USB's affirmative defenses run afoul or Rule 8(c)'s fair notice standard for affirmative defenses. Accordingly, Plaintiffs request the defenses be dismissed.

First, there are no genuine disputes of material fact. Defendants did not respond to the motion or introduce any evidence to contradict Plaintiff's version of events. Based on the facts presented, there is sufficient evidence that a jury could return a verdict in Plaintiffs' favor as to the challenged affirmative defenses.

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 6**

The Court now considers Plaintiffs' arguments against each Defendant's affirmative answers in turn. Although Defendants' failure to respond may be construed as consent to the motion, *see* LCivR 7(e), Defendants' affirmative defenses fail as a matter of law, as discussed below.

1. United States Bakery's Affirmative Defenses

    a. *Affirmative Defense #1: Failure to Mitigate*

USB asserted the defense of failure to mitigate. The doctrine of mitigation of damages prevents an injured party from recovering damages that she could have avoided if she took reasonable efforts after the wrong was committed. *Bernsen v. Big Bend Elec. Coop.*, 68 Wash. App. 427, 433 (1993). The party asserting the defense of failure to mitigate bears the burden of proof. *Essig v. Lai*, 9 Wash. App. 2d 587, 596 (2019). In injuries cases, the defendant must show that there were alternative treatment options available to the plaintiff, that the alternative treatment options likely would have improved or cured plaintiff's condition, and that the plaintiff acted unreasonably in choosing a treatment. *Fox v. Evans*, 127 Wash. App. 300, 305 (2005).

USB fails to meet their burden of proof as to its failure to mitigate defense. The undisputed facts show that Mr. Thompson followed all directions from his doctors or that any alternative courses of treatment short of cervical surgery—including physical therapy and epidural injections—would not have improved his condition. USB also fails to show that Mr. Thompson acted unreasonably. Accordingly, USB's affirmative defense #1 is dismissed.

    b. *Affirmative Defense #5: Failure to State a Claim*

USB asserts an affirmative defense of failure to state a claim. However, courts in the Ninth Circuit routinely hold that "failure to state a claim" is not a proper affirmative defense because it asserts a defect in the plaintiff's prima facie case and is therefore more properly brought as a motion. *Kaiser v. CSL Plasma Inc.*, 240 F. Supp. 3d 1129, 1134 (W.D. Wash. 2017). In order to survive a proper

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 7**

Rule 12(b)(6) motion to dismiss, the plaintiff would need to point to factual allegations that state a plausible claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

USB's failure to state a claim defense is not a proper affirmative defense and is dismissed. Furthermore, even if it was a proper defense and taking the allegations in the Complaint as true, Plaintiffs have stated specific claims against Defendants and have presented facts to support those claims. Therefore, USB's affirmative defense #5 is dismissed.

  c. *Affirmative Defense #6: Lack of Standing*

USB also asserts lack of standing as an affirmative defense. Standing is an element of a plaintiff's prima facie case, so it is not a proper affirmative defense and is instead properly addressed through denial in an answer or a motion to dismiss. *See Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289 F.R.D. 595, 604 (E.D. Cal. 2013), *abrogated on other grounds by Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). Therefore, USB's affirmative defense #6 is dismissed.

  d. *Affirmative Defense #7: Statute of Limitations*

USB asserts that Plaintiffs' claims are barred by the statute of limitations. A properly pled statute of limitations defense should provide a theory or facts demonstrating how the claims are untimely in light of the allegations of the complaint and the date the complaint was filed. *See Jin Zhu v. N. Cent. Educ. Serv. Dist.-ESD 171*, No. 2:15-CV-00183-JLQ, 2015 WL 13357609, at *3-4 (E.D. Wash. Oct. 15, 2015).

USB's Answer provides only that "some" of Plaintiffs' claims "might" be barred by applicable statutes of limitations. ECF No. 10 at 18. No further details are provided to support which claims might be time barred. Viewing the facts in the light most favorable to USB, Plaintiff was injured on September 21, 2018, received surgery on December 4, 2019, and returned to work in August 2020.

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 8**

Under Washington law, Plaintiffs' negligence and personal injury claims must be brought within three years of the date of the injury. Wash. Rev. Code 4.16.080(2). Claims under the WLAD and ADA must also be brought within three years. *Alder v. Fred Lind Manor*, 153 Wash.2d 331, 356 (2004) (WLAD); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (ADA). Construing the facts in the light most favorable to USB, Plaintiffs' complaint had to be filed no later than September 21, 2021. Plaintiffs' Complaint here was filed on March 13, 2020. Plaintiffs' claims appear timely, and USB introduces no facts that would indicate some or all of the claims are untimely. Accordingly, USB's affirmative defense #7 is dismissed.

    e. *Failure to Provide Fair Notice of the Defenses in Affirmative Defenses 1-8 and 12*

Plaintiffs argue that a litany of USB's affirmative defenses fail under Rule 8 and fail to provide them with sufficient notice of the defenses asserted against them. In particular, Plaintiffs point to USB's use of the word "might" in the challenged affirmative defenses and lack of factual explanation.

Federal Rule of Civil Procedure 8 requires that a party "state in short and plain terms" its defenses when responding to a pleading. Fed. R. Civ. P. 8(b). An affirmative defense is insufficient as a matter of pleading when it fails to provide the plaintiff with "fair notice" of the defense asserted against it. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *abrogated in part on other grounds by Castro v. Cty. of Los Angeles*, 883 F.3d 1060 (9th Cir. 2016). The fair notice requirement only requires a defendant describe the defense in "general" terms and include some factual basis for its defenses. *Kohler*, 779 F.3d at 1019. Simply identifying an affirmative defense by name does not provide fair notice of the defense or how it applies in the action. *See Bd. of Trs. of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, No. 13-01545, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014).

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT \* 9**

Although the use of the word "might" in USB's answer is admittedly odd, the Answer sufficiently identifies the legal theories upon which USB's affirmative defenses are based. *See Tri-City R.R. Co., LLC v. Preferred Freezer Servs. of Richland, LLC*, No. 2:19-CV-00045-SAB, 2019 WL 9240151, at *3 (E.D. Wash. Apr. 11, 2019). Plaintiffs' motion for summary judgment on this ground is therefore denied.

2. Occupational Health Services' Affirmative Defenses

a. *Affirmative Defense #1: Failure to State a Claim*

As discussed above in regard to USB's assertion of failure to state a claim as an affirmative defense, OHS's defense is also dismissed. This argument should be raised in a motion, not as an affirmative defense. OHS's affirmative defense #1 is therefore dismissed.

b. *Affirmative Defense #3: Failure to Mitigate*

As discussed above as to USB's failure to mitigate defense, OHS's failure to mitigate defense is also dismissed. OHS did not respond to the motion or otherwise show any evidence that would support its claim that Plaintiffs failed to reasonably mitigate their damages. OHS's affirmative defense #3 is therefore dismissed.

c. *Affirmative Defense #5: Failure to Exhaust Administrative Remedies*

OHS asserts the affirmative defense of failure to exhaust administrative remedies and therefore this Court lacks jurisdiction over Plaintiffs' claims. Failure to exhaust administrative remedies is an affirmative defense that must be pled and proved by the defendant. *Albino v. Bacai*, 747 F.3d 1162, 1168 (9th Cir. 2014). A defendant has the initial burden to prove that there is an available administrative remedy and that the plaintiff did not exhaust that available remedy. *Id.* at 1172. After the defendant has met this burden, the plaintiff must produce evidence showing there is something in his particular case that made the generally available administrative remedy unavailable to him. *Id.* If the court determines the plaintiff failed to exhaust, it may excuse the failure or, in the exercise of its discretion,

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** * 10

invoke primary jurisdiction and direct the parties to proceed before the relevant agency. *See Marshall v. Gordon Trucking, Inc.*, 215 F. Supp. 3d 1036, 1040 (D. Or. 2016).

OHS has not provided any evidence regarding the existence of an administrative remedy that Plaintiff failed to exhaust. Indeed, the undisputed facts indicate that Plaintiff did go through L&I procedures and was declared disabled by the State of Washington for the relevant period here. *See, e.g.*, ECF No. 1 at ¶¶ 2.62, 2.65, 3.6, 3.10, 3.11, 3.12, 3.24, 3.25, 3.27. OHS's affirmative defense #5 is therefore dismissed.

        d.  *Affirmative Defense #6: Statutes of Limitations*

Finally, as discussed above, OHS has failed to introduce facts sufficient to support a statute of limitations defense. OHS's affirmative defense #6 is therefore dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment, ECF No. 16, is **GRANTED** in part and **DENIED** in part.

2. The following affirmative defenses in Defendant USB's Answer are **dismissed with prejudice**: Affirmative Defense #1; Affirmative Defense #5; Affirmative Defense #6; and Affirmative Defense #7.

//
//
//
//
//
//
//
//
//

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** * 11

3. The following affirmative defenses in Defendant OHS's Answer are **dismissed with prejudice**: Affirmative Defense #1; Affirmative Defense #3; Affirmative Defense #5; and Affirmative Defense #6.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 30th day of November 2020.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** * 12